Case 2:15-cr-00613   Document 22   Filed in TXSD on 10/06/16   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. 2:15-CR-613-1 |
| | § | (CV. No. 2:16-CV-156) |
| JESUS GONZALES-RODRIGUEZ, | § | |
| Defendant/Movant. | § | |

### MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE AND <u>DENYING A CERTIFICATE OF APPEALABILITY</u>

Jesus Gonzales-Rodriguez (Gonzales-Rodriguez) filed a motion vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 20. The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules). For the reasons stated herein, the § 2255 motion is dismissed and Gonzales-Rodriguez is denied a certificate of appealability.

### I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### II. BACKGROUND AND CLAIMS

Gonzales-Rodriguez was found in the brush near the Sarita, Texas Border Patrol Checkpoint in July 2015. Border Patrol agents arrested him after they determined he was

1

a citizen of Mexico and present here without authorization. D.E. 1. He made his initial appearance in federal court a few days after his arrest and counsel was appointed. D.E. 2. Gonzales-Rodriguez was indicted the same month for violation of 8 U.S.C. §§ 1326(a), 1326(b). D.E. 6.

In August 2015, he pleaded guilty to the sole count of the indictment without a plea agreement before a federal Magistrate Judge. D.E. 10, 11. The Court adopted the finding and recommendation on Gonzales-Rodriguez' plea of guilty. D.E. 13.

The Probation Department prepared a Presentence Investigation Report (PSR). D.E. 14. Gonzales-Rodriguez' base offense level for illegal reentry was 8, but was increased by 4 levels due to his prior felony convictions for possession of a controlled substance, DWI, and illegal reentry. *Id.*, ¶ 10. After acceptance of responsibility, his total offense level was 10. *Id.*, ¶¶ 10-17. Gonzales-Rodriguez' previous convictions resulted in a criminal history category of VI.[1] *Id.*, ¶¶ 19-27. His guideline sentencing range was 24 to 30 months imprisonment. *Id.*, ¶ 53.

Gonzales-Rodriguez was sentenced to 30 months imprisonment, three years supervised release, no fine, but a special assessment of $100. D.E. 18. The Court adopted the PSR as the findings of the Court. D.E. 19. Judgment was entered on the docket on November 5, 2015. *Id.* Gonzales-Rodriguez did not appeal.

---

[1] Gonzales-Rodriguez had four DWI convictions, a possession of controlled substance, a failure to ID and an illegal reentry. Two of the DWIs were misdemeanors as was the failure to ID. *Id.* In addition to his criminal history, he had nine immigration entries without inspection. On seven occasions he was permitted voluntary return to Mexico; on two he was removed. *Id.*, ¶¶ 29-37.

### III.   MOVANT'S CLAIMS

Gonzales-Rodriguez challenges the application of the four level enhancement to his offense level pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015).

### VI.   ANALYSIS

**A.   28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.   *Johnson* Claim**

Gonzales-Rodriguez claims that *Johnson* invalidated the enhancement of his offense for an aggravated felony or a crime of violence. But *Johnson* only invalidated the use of the residual clause of the crime of violence definition in 18 U.S.C. § 924(e). Gonzales-Rodriguez' illegal reentry level was enhanced because he had previously been

convicted of a felony pursuant to the United States Sentencing Guideline Manual § 2L1.2(b)(1)(D). That provision states:

> (b) Specific Offense Characteristic
>     (1) Apply the Greatest:
>     If the defendant previously was deported, or unlawfully remained in the United States, after--
>         (D) a conviction for any other felony, increase by 4 levels . . .

*Johnson* did not address anything other than the residual clause in 18 U.S.C. § 924(e) and has no application to Gonzales-Rodriguez' enhancement.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gonzales-Rodriguez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Gonzales-Rodriguez cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## VI.   CONCLUSION

For the foregoing reasons, Gonzales-Rodriguez' motion (D.E. 20) is DISMISSED with prejudice pursuant to Rule 4(b). Additionally, he is DENIED a Certificate of Appealability.

It is so ordered this 6th day of October, 2016.

*/s/ Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE